**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2351
_____

UNITED STATES OF AMERICA

v.

LUIS SANABRIA-ROBRENO,
a/k/a Jorge Robrero,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-18-cr-00066-001)
District Judge: Hon. Christopher C. Conner
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2020
_____

Before: SHWARTZ, SCIRICA, and COWEN, <u>Circuit Judges</u>.

(Filed: July 9, 2020)
_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Luis Sanabria-Robreno appeals his conviction for illegal possession of a firearm, arguing that the District Court plainly erred by failing to advise him during his change-of-plea hearing that the Government was required to prove that he knew at the time that he possessed the firearm that he had previously been convicted of a crime punishable by more than one year of imprisonment. Although error, the District Court's omission did not affect Sanabria-Robreno's substantial rights. We will therefore affirm.

I

Sanabria-Robreno was charged in an eleven-count indictment with drug- and firearms-related offenses. The Government conveyed a plea offer that: (1) allowed him to plead guilty to a superseding information charging him with one count of distribution of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (2) obligated the Government to (a) move to dismiss the original indictment, (b) refrain from bringing any further charges arising out of the offense conduct, and (c) move for a three-point reduction in Sanabria-Robreno's offense level if he accepted responsibility.

Sanabria-Robreno accepted the plea offer. At his change-of-plea hearing, the District Court broadly described the charges to which Sanabria-Robreno was pleading guilty, but it did not specifically advise him that the felon-in-possession offense would require the Government to prove his knowledge of his status as a convicted felon. At the hearing, the Government proffered the evidence that it would have adduced at trial,

2

stating, in relevant part, that it would have offered evidence that "[p]rior to the events charged in the information, [Sanabria-Robreno] had been convicted of multiple crimes punishable by a term of imprisonment exceeding one year." App. 63. Sanabria-Robreno admitted this allegation at the hearing. In addition, the record reflects that, prior to the time that he possessed the firearm, Sanabria-Robreno had been convicted of four Pennsylvania drug crimes for which he had faced statutory maximum sentences of between seven and fifteen years of imprisonment. Sanabria-Robreno was sentenced on these crimes to between five and twenty-three months of imprisonment and he served more than one year of this time in jail.

Sanabria-Robreno entered a guilty plea to both the drug and firearm charges in the superseding information and he was sentenced to 180 months' imprisonment.

Sanabria-Robreno appealed. While his case was on appeal, the United States Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019).

## II[1]

Sanabria-Robreno argues that we should vacate his guilty plea and remand for further proceedings because the District Court failed to advise him during his plea hearing that the Government was required to prove his knowledge of his status as a convicted felon. Because Sanabria-Robreno did not raise this objection with the District

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

Court, we review for plain error.[2]  See United States v. Dominguez Benitez, 542 U.S. 74, 81-82 (2004).

At a change-of-plea hearing, the district court must "inform the defendant of, and determine that the defendant understands," among other things, "the nature of each charge to which the defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  To determine whether the district court complied with this requirement, we "look to the totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him."  United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000).

The felon-in-possession statute, 18 U.S.C. § 922(g)(1), makes it "unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  "A separate provision, § 924(a)(2), adds that anyone who 'knowingly violates' [§ 922(g)] shall be fined or imprisoned for up to 10 years."  Rehaif, 139 S. Ct. at 2194 (emphasis omitted) (quoting 18 U.S.C. § 924(a)(2)).  In Rehaif, the Supreme Court held that "the word 'knowingly' [in § 924(a)(2)] applies

---

[2] The plain-error standard is met when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; [and] (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings."  United States v. Lee, 612 F.3d 170, 178-79 n.6 (3d Cir. 2010) (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)).  The third prong requires the appellant to show "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different."  United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004) (alteration in original) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.)).  If the three prongs of the plain-error standard are met, a court may address the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Lee, 612 F.3d at 178-79 n.6.

4

both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. Here, the Government would have had to prove that Sanabria-Robreno knew at the time that he possessed the firearm that he had been convicted of a crime punishable by more than one year of imprisonment. See id.; see also 18 U.S.C. § 922(g)(1).

The Government concedes the first two prongs of the plain-error standard are met: that the District Court's failure to advise Sanabria-Robreno of the scienter requirement set forth in Rehaif was error and that the error was clear or obvious. Sanabria-Robreno's argument fails, however, on the third prong of the standard, whether the error affected his substantial rights, because he has not shown a "reasonable probability that, but for the error, he would not have entered the plea." Dominguez Benitez, 542 U.S. at 83.

There is substantial evidence that Sanabria-Robreno knew that he was a convicted felon at the time that he possessed the firearm. At the time that he pleaded guilty to the Pennsylvania drug offenses, Sanabria-Robreno signed a form acknowledging that the maximum penalties for the crimes were between seven and fifteen years of imprisonment. In addition, Sanabria-Robreno was sentenced to a term of imprisonment of five to twenty-three months for these offenses, and he served more than one year of this time in prison. This indisputable evidence demonstrates that the Government could easily prove Sanabria-Robreno knew at the time that he possessed the firearm that he had previously been convicted of a crime punishable by more than one year of imprisonment. As a result, there is no reasonable probability that the District Court's recitation of

5

*Rehaif*'s knowledge element would have changed Sanabria-Robreno's decision to plead guilty, and therefore he is not entitled to vacatur of his plea under the plain-error standard. See United States v. Burghardt, 939 F.3d 397, 403-05 (1st Cir. 2019) (rejecting a similar argument where the record provided no "reason to think that the government would have had any difficulty at all in offering overwhelming proof that [the defendant] knew that he had previously been convicted of offenses punishable by more than a year in prison"); see also United States v. Hollingshed, 940 F.3d 410, 415-16 (8th Cir. 2019) (similar).

Additionally, Sanabria-Robreno received substantial benefits from pleading guilty, including a reduction in his offense level for acceptance of responsibility, dismissal of the underlying indictment, which included charges that exposed him to far greater penalties, and the Government's agreement not to bring further charges arising out of the offense conduct. These benefits make it even more unlikely that Sanabria-Robreno would have persisted in his plea of not guilty had the District Court apprised him of *Rehaif*'s requirements. See United States v. Dixon, 308 F.3d 229, 235 (3d Cir. 2002) (failing to apprise a defendant of information required by Rule 11 did not warrant vacatur because "the record reveals many reasons why [the defendant] would have [still] pled guilty," including credit for acceptance of responsibility and the Government's agreement not to bring additional charges).

## III

For the foregoing reasons, we will affirm.